## Slone v. Commonwealth, ex rel. Justice, County Attorney.

(Decided June 22, 1928.)

### Appeal from Pike Circuit Court.

Appeal and Error.—Judgment, perpetually enjoining defendant from maintaining hotel constituting nuisance, will not be reversed on ground that chancellor erred in granting temporary injunction pendente lite, since, if such injunction was improvidently granted, defendant had remedy under Civil Code of Practice, sec. 296, and, permanent injunction having taken place of temporary injunction, latter is no longer in existence, and only question for review is whether permanent injunction was properly granted.

W. A. DAUGHERTY for appellant.

ZACH JUSTICE, County Attorney, and J. W. CAMMACK, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is a suit brought pursuant to sections 3941m1 et seq. of the Statutes by the county attorney of Pike county against the appellant; the petition charging that a building which she ostensibly conducted as a hotel in the city of Pikeville was in fact so conducted by her as to constitute a nuisance as defined in these sections of the Statutes. On final hearing, the court entered a judgment

perpetually enjoining the appellant from maintaining the said nuisance, ordering the building closed and the furniture and other fixtures thereof removed and sold, the costs, including a taxed attorney's fee in favor of the county attorney, to be paid out of the proceeds and the balance to be turned over to the appellant. The appellant's landlord was made a party to this suit, but he gave the bond provided for by section 3941m7 of the Statutes, and has prosecuted no appeal from the judgment. The appellant, Minnie Slone, alone appeals from the judgment.

As grounds for reversal, she insists that the chancellor erred in granting a temporary injunction against her pendente lite, and that the judgment of the court is flagrantly against the evidence.

The first ground for reversal is so obviously without merit that it warrants but little discussion. If the temporary injunction was improvidently granted, the appellant had her remedy for relief as provided by section 296 of the Civil Code. The permanent injunction has taken the place of the temporary injunction, and the latter is no longer in existence. The only question before us is whether the permanent injunction was properly granted or not.

So far as the second ground for reversal is concerned, it is sufficient to say that the evidence, which is quite salacious in character, for which reason it is not set out herein, amply supports the judgment.

It is therefore affirmed.